IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANFORD HOSPITAL AND CLINICS,

    Plaintiff,

v.

HAWAII MANAGEMENT ALLIANCE ASSOCIATION, doing business as HAWAII MEDICAL ASSURANCE ASSOCIATION, a Hawaii domestic mutual benefit society, and DOES 1 THROUGH 25, INCLUSIVE,

    Defendants.

No. C 12-05273 WHA

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

**INTRODUCTION**

In this contract dispute action, defendant seeks to dismiss plaintiff's complaint. For the following reasons, defendant's motion is **DENIED**.

**STATEMENT**

Plaintiff Stanford Hospital and Clinics, a medical care provider, entered into a preferred hospital agreement with Private Health Care Systems, a non-party to this civil action, to provide medical care at reduced rates to covered individuals. The complaint alleges that Hawaii Management Alliance Association, doing business as Hawaii Medical Assurance Association, a plan administrator, agreed to be bound by the terms of the preferred hospital agreement and thereby gained access to the reduced rates negotiated by Stanford and Private Health Care

1 Systems. Under the terms of the preferred hospital agreement, Hawaii Medical was obligated to
2 reimburse Stanford for these discounted-rate medical services.

3 In March 2011, Stanford provided medical services to a covered individual and submitted
4 a claim directly to Hawaii Medical. The complaint alleges that Hawaii Medical verified via
5 phone to Stanford that the covered individual had active healthcare coverage. The complaint
6 further alleges that Hawaii Medical then refused to pay for the care after the services were
7 provided, thereby violating the preferred hospital agreement and an oral contract.

8 Stanford commenced this action by filing a complaint against Hawaii Medical in the
9 Superior Court of California, County of Santa Clara alleging claims for: (1) breach of written
10 contract, (2) breach of oral contract, (3) negligent misrepresentation and (4) *quantum meruit*.
11 Hawaii Medical removed and filed a motion to dismiss the complaint, arguing that Stanford's
12 state-law claims are preempted by ERISA. Stanford responds that its claims are not preempted
13 because they are based on both the preferred hospital agreement and the oral representations
14 Hawaii Medical made to Stanford and, as such, are independent of the plan.

## ANALYSIS

16 There are two types of preemption under ERISA: (1) complete preemption under
17 Section 502(a), and (2) conflict preemption under Section 514(a). Complete preemption applies
18 where a complaint asserts a state-law claim that falls within the scope of one of the civil
19 enforcement provisions of ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).
20 In contrast, the conflict preemption provision under Section 514(a) of ERISA preempts state
21 laws "insofar as they . . . relate to any employee benefit plan." Hawaii Medical contends that
22 Stanford's state-law claims are preempted under both complete and conflict preemption.
23 This order disagrees.

24 **1. COMPLETE PREEMPTION.**

25 The Supreme Court has held that a state-law claim is completely preempted by ERISA
26 if: (1) an individual at some point in time could have brought the claim under ERISA
27 Section 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated
28 by a defendant's actions. A state-law claim is only completely preempted if both prongs are

2

satisfied. *Davila*, 542 U.S. at 210. Hawaii Medical has failed to satisfy either prong of the *Davila* test.

As to the first prong, ERISA Section 502(a)(1)(B) provides that a "participant or beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999). Here, Stanford is *not* suing as a beneficiary or as an assignee of the covered individual's rights under the plan but, rather, pursuant to contractual rights allegedly conferred by the preferred hospital agreement and oral representations made by Hawaii Medical.

Hawaii Medical asserts that complete preemption applies because Stanford is attempting to recover benefits for the treatment of a patient who is covered by an ERISA plan. Our court of appeals' decision in *Blue Cross* is controlling. Like here, *Blue Cross* involved medical providers who were seeking contract damages from an insurer based upon a breach of the provider agreements. The insurer argued that because the patients were beneficiaries of ERISA health plans, the hospitals were claiming benefits under ERISA plans. In rejecting that argument, the appellate decision found that the claims, "which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of the ERISA plans, and hence do not fall within [Section] 502(a)(1)(B)." *Id.* at 1050. So too here. Based on the allegations in the complaint, the covered individual could not have asserted the claims made by Stanford as she was not a party to the preferred hospital agreement or the oral contract between Stanford and Hawaii Medical. The mere fact that the patient treated by Stanford was covered by an ERISA plan does not mean, in and of itself, that the claims could have been brought under Section 502(a)(1)(B).

As to the second prong, Stanford's allegations implicate an independent legal duty. Where a medical provider predicates its suit against an insurer on an agreement other than the health plan, its claims are not preempted. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950–51 (9th Cir. 2009). Here, Stanford's claims are based on Hawaii Medical's

3

1  failure to pay for medical services rendered in violation of the preferred hospital agreement and
2  oral representations. The complaint therefore alleges the existence of such an independent duty.
3  Accordingly, Stanford's claims are not subject to complete preemption.

**2. CONFLICT PREEMPTION.**

The conflict preemption provision of Section 514(a) of ERISA preempts state laws "insofar as they . . . relate to any employee benefit plan." The Supreme Court determined that a state-law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such plan." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). Under the relationship test, courts "look to whether the state law encroaches on relationships regulated by ERISA, such as between plan and plan member, plan and employer, and plan and trustee." *Blue Cross*, 187 F.3d at 1053. State-law claims did not "relate to" an ERISA plan where the "adjudication of the claim required no interpretation of the plan, no distribution of benefits, and no dispute regarding any benefits previously paid." *Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Here, the complaint alleges that both a separate written and verbal contract, which Hawaii Medical and Stanford are both a party to, exists (Compl. ¶¶ 7, 8, 11). Hawaii Medical's duty to reimburse Stanford for the covered individual's care arises from those contracts (*id*. at ¶¶ 16, 22). The complaint makes no reference to the effect of the ERISA plan on Stanford's claims and whether or not the preferred hospital agreement or oral agreement is impacted by the ERISA plan. Stanford also stresses in its opposition that it is not seeking to recover as an assignee of the covered individual's benefits but, rather, pursuant to the separate contracts between Stanford and Hawaii Medical.

Our court of appeals has held that conflict preemption is not applicable to state-law claims that are: (1) asserted by hospitals directly against plan administrators based upon contracts between the two parties, and (2) where the interpretation of the contracts did not implicate an ERISA plan. *See Blue Cross*, 187 F.3d at 1045; *The Meadows v. Employers Health Ins*., 47 F.3d 1006 (9th Cir. 1995). Hawaii Medical argues that these decisions are distinguishable because Stanford's claims cannot exist without the plan. There is no connection

4

between Stanford and Hawaii Medical except for the connection arising through the patient's enrollment in the plan. Accordingly, Hawaii Medical argues that Stanford's claims relate to the plan because disposition of the claims will require interpretation of the plan's provisions. Hawaii Medical relies on a factually similar decision which found that the plaintiff's claims were subject to conflict preemption. *See Fresno Community Hosp. and Medical Center v. Souza*, 2011 WL 2120272 (E.D. Cal. July 23, 2007) (Judge Lawrence J. O'Neill). In *Souza*, as here, a medical provider asserted state-law claims against plan administrators for failure to pay for care provided to a patient pursuant to the terms of a preferred hospital agreement.

That decision, however, relied upon the express language of the preferred hospital agreement which stated that the agreement was subject to the exclusions and limitations of the ERISA plan. The decision concluded that disposition of the state-law claims required an application of the ERISA plan and, thus, the "relates to" requirement was satisfied.

The holding in *Souza* points to the exact problem with Hawaii Medical's argument here. Applying the analysis in *Souza* would require this order to look outside the four corners of the complaint. Contrary to Hawaii Medical's arguments, whether or not the patient is covered by an ERISA plan is not dispositive. What is essential are the terms and conditions of the preferred hospital agreement and oral agreement between the parties. If those agreements are subject to the limitations of the ERISA plan or that Stanford's claims otherwise require an interpretation of the ERISA plan, then Hawaii Medical has a strong conflict preemption argument. Neither party, however, has appended the preferred hospital agreement. Thus, based on this record at this stage in the litigation, it would be premature to make such a finding. This order, therefore, finds that based on the record, it is plausible for plaintiff to prove a set of facts that would defeat Hawaii Medical's preemption argument. Hawaii Medical may, of course, raise its preemption argument again in a timely motion for summary judgment.

5

**CONCLUSION**

For the reasons stated above, Hawaii Medical's motion to dismiss is **DENIED**. The answer is due on December 21, 2012. The hearing scheduled for December 20, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6